# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| MICHAEL C. WENK, | : |
| Plaintiff, | : Civ. No. 19-17581 (FLW) (LHG) |
| v. | : |
| JAMES DEN UYL et al., | : **MEMORANDUM OPINION** |
| Defendants. | : |

**FREDA L. WOLFSON, Chief Judge:**

      Plaintiff, Michael C. Wenk ("Wenk" or "Plaintiff"), a state prisoner presently incarcerated in a Florida facility, commenced this action by filing *pro se* with the Court a form civil-rights complaint. (ECF No. 1.) Wenk concurrently submitted an application to proceed *in forma pauperis*. (ECF No. 1-2.) As the application appears complete and proper, leave to proceed in this Court without prepayment of fees is authorized. *See* 28 U.S.C. § 1915. Thus, the application to proceed *in forma pauperis* is granted.

      As Wenk is proceeding *in forma pauperis*, however, the case is subject to screening under 28 U.S.C. § 1915(e)(2)(B). The Complaint names as defendants James Den Uyl, a New Jersey state judge, and Gregory L. Embly, a New Jersey State Parole Board hearing officer. (*Id.* at 3–4.) He seeks to challenge the sentence he received after pleading guilty to sexual assault, as well as two "Additional Terms of Imprisonment" imposed by the Parole Board. (*Id.* at 5–6.) As relief, Wenk seeks an amendment of his sentence to lift the imposition of parole supervision for life and seeks "reimburse[ment] for All additional days in Prison beyond [the] Original Sentence." (*Id.* at 6–7.)

Insofar as Wenk is challenging his sentence, he may do so only by filing a petition for writ of *habeas corpus*, under 28 U.S.C. § 2254, not with a civil-rights action under 42 U.S.C. § 1983. *Wilkinson v. Dotson*, 544 U.S. 74, 81 (2005) (explaining that litigants must "use only habeas corpus (or similar state) remedies when they seek to invalidate the duration of their confinement—either *directly* through an injunction compelling speedier release or *indirectly* through a judicial determination that necessarily implies the unlawfulness of the State's custody"). Thus, this civil-rights action cannot result in any modification of Wenk's sentence. If Wenk seeks to challenge the terms or execution of his sentence, he must do so by way of a properly filed petition for writ of habeas corpus. I will direct the Clerk to send Wenk a form petition for writ of habeas corpus in the event that this is an avenue of relief he wishes to pursue.

Furthermore, Wenk's attempt to obtain damages for the allegedly unlawful periods he spent incarcerated is barred under the Supreme Court's decision in *Heck v. Humphrey*, 512 U.S. 477 (1994), unless and until the sentence or conviction is vacated. The *Heck* Court specifically held that if a § 1983 claim seeks "to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid," the plaintiff may not recover without showing "that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck*, 512 U.S. at 486–87. The question in determining whether a claim should be dismissed as barred by *Heck* is thus whether the claim's success would "necessarily imply the invalidity of [the] conviction." *Id.* at 487. Wenk's attempt to obtain damages for serving out portions of his sentence explicitly suppose the invalidity of his conviction and sentence, and his claims, therefore, are barred. *See Deemer v. Beard*, 557 F.

App'x 162, 166 (3d Cir. 2014) (recognizing "a universal favorable termination requirement on all § 1983 plaintiffs attacking the validity of their conviction or sentence"). Accordingly, Wenk's claims insofar as they seek an amendment of his criminal sentence are dismissed with prejudice, and the remainder of Wenk's claims, seeking damages, are dismissed without prejudice as barred by *Heck*.

Wenk has additionally filed a motion for the appointment of *pro bono* counsel to represent him. (ECF No. 2.) When evaluating an application for the appointment of *pro bono* counsel, the Court assesses seven factors originally identified by the United States Court of Appeals for the Third Circuit in *Tabron v. Grace*, 6 F.3d 147 (3d Cir. 1993). *See Pricaspian Dev. Corp. v. Martucci*, No. 11-1459, 2011 WL 2429315, at *2 (D.N.J. June 13, 2011) (citing *Tabron*, 6 F.3d at 155, 158); *Prudential Ins. Co. of Am. v. Dobson*, No. 08-3951, 2009 WL 115966, at *1–2 (D.N.J. Jan. 16, 2009) (same). The first factor, however, is the potential merit of the party's legal position, and potential legal merit is a threshold determination that must be established before considering any other factors. *See Dobson*, 2009 WL 115966 at *2; *Protameen Chems., Inc. v. Chinchilla*, No. 05-3383, 2007 WL 174163, at *1 (D.N.J. Jan. 22, 2007). As I have dismissed all of Wenk's claims, he presently has no claims with potential merit, and the motion for *pro bono* counsel is denied. An appropriate order follows.

DATED: September 10, 2019
                /s/   Freda L. Wolfson
                FREDA L. WOLFSON
                U.S. Chief District Judge